## R. G. DUN & CO. et al. v. SHIPP.

### No. 4281.

Court of Civil Appeals of Texas. Texarkana.
April 20, 1933.

Rehearing Denied April 27, 1933.

Lasseter, Simpson & Spruiell, of Tyler, and E. A. Tharp, of Mineola, for appellants.

Jones & Jones, of Mineola, for appellee.

LEVY, Justice (after stating the case as above).

Although it may be said from the proof that the publication was made by the mercantile agency in good faith and in honest belief of its truth, yet the publication was in the circumstances false and was not privileged, as limited to creditors or those specially inquiring of the appellee. The idea

504

of malice was entirely absent, we think. The real questions, it is concluded, for decision on appeal are the points in view, in effect, relating to the elements and amount of damages for which a recovery may be had in the case. All the other assignments of errors have been considered, and we think they should be overruled as not warranting a reversal of the judgment.

 It was conclusively shown, and so found by the jury, that the publication was of and concerning J. L. Shipp simply and not the Service Drug Company, a corporation. But the words did not refer to J. L. Shipp merely as an individual, separate and distinct from any business or occupation. It was stated of him in the conduct of the business of the Service Drug Company that he was slow in the payment of bills, and that he was entitled to credit in limited amount, in view of the value of his property subject to exemption by law. The important question, therefore, is, Can it be said that the publication falls under the class of an article libelous per se? If so, then proof of special damages need not be averred and proved to have proximately resulted therefrom. It is a well-recognized rule that when words are libelous per se it is not necessary to allege or prove special damages, for malice and damage are implied. It is believed the publication fairly construed is not open to the implication that the appellee was dishonest in business, or was wholly unfit and unworthy of credit or as necessarily and naturally tending to injure his credit standing and good name in the community and lower him in the confidence of his neighbors or business world. The statement that the appellee was entitled to a limited credit does not imply that he was wholly unworthy of credit, but is consistent with the explanation that he was worth only three to five thousand dollars above debts and exemptions allowed by law. That he was slow in payment of his debts does not necessarily have the one harmful meaning that although able to pay neglects and refuses to do so, or of wrongful conduct in making accounts he never intended to promptly pay, or of being wholly unfit and unworthy of credit. We think that the publication, considering all the language, may, as a natural and proximate consequence, occasion financial injury, but cannot be classed as libelous per se so as to entitle appellee to recover therefor without showing special damages. In this view the proof should show wherein the appellee suffered damage because of the wrongful acts of the appellant. The jury found that the appellee sustained damages in the gross sum of $1,500 "to his reputation and credit." They also found that appellee sustained special damages in the sum of $1,000 "in depreciation of his stock in the Service Drug Company." The evidence totally fails to show any special damage to "reputation and credit," aside from and except

as reflected in the computation of damages for the direct loss of the stock in the Service Drug Company. And the financial injury "to his reputation and credit" must be referable to and find basis of support in the last-mentioned finding of compensatory damages. It was proven that J. L. Shipp had undertaken to fulfill the duties of purchaser for the Service Drug Company, a corporation, and that the words printed had the practical effect among merchants he dealt with to interpret and render him less fit to fulfill the duties of the special character he had assumed. As a consequence he was compelled to retire from the position of purchasing agent and quit as representative of the Service Drug Company, and was compelled to make quick sale of his stock or interest in the Service Drug Company and at a sacrifice. As a general rule the corporation and not the stockholder must sue for impairment of its business or depreciation of the value of the stock. 14 C. J. § 1444, p. 924. But that rule has not application to the present circumstances. The injury was not occasioned to the Service Drug Company alone. The destroyed credit standing and reputation of the appellee, caused by the wrongful publication, greatly impaired his services and injured him in his business of representing and acting for the Service Drug Company. He was compelled to quit his position and make severance of any ownership in the Service Drug Company. The depreciation or sacrifice in value of his stock or interest in the corporation, evidenced by the sale he had to make, furnished a basis for the computation of appellee's damages actually sustained, traceable directly to the wrongful act of the appellant. 13 Tex. Jur. § 110, p. 210. This special damage and not the gross damages of "$1,500.00" is the only amount recoverable in the circumstances.

The judgment is therefore modified so as to deny the appellee a recovery except for the sum of $1,000, and, as so modified, will be in all things affirmed. The appellee to pay costs of appeal.

## On Appellants' Motion for Rehearing.

It is concluded that the motion for rehearing should be overruled. The paramount point is respecting the element of damage in the appellee's sale of his stock at a loss.

In the original opinion it was determined that the appellee was entitled to recover, as compensatory damage, the loss in value of his stock in the Service Drug Company caused by the sale he had to make of it. This loss in value by reason of the sale was a consequence of which the wrongful imputation complained of was the direct effect. The appellee was compelled to quit his position and the pursuit thereof as purchaser of the Service Drug Company and make quick severance of any ownership in the Service Drug Company. His status in that regard was changed and his employment broken up and

had taken place because of the wrongful imputation complained of. His damages were sufficiently shown in the loss occasioned to him in the sale of his stock at a loss.